UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP address 45.46.191.137,

    Defendant.

**DECISION AND ORDER**

1:18-CV-01490 EAW

## **INTRODUCTION**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action on December 22, 2018, alleging that defendant John Doe subscriber assigned Internet Protocol ("IP") address 45.46.191.137 ("Defendant") downloaded and distributed Plaintiff's motion pictures ("the Works") in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (Dkt. 1).

Presently before the Court is Defendant's motion to quash a third-party subpoena directed to Defendant's Internet Service Provider ("ISP") (Dkt. 7) pursuant to the Court's January 28, 2019, Decision and Order (Dkt. 6) ("January Order"). Defendant alternatively requests that, if the motion to quash is denied, s/he be permitted to proceed anonymously in the litigation. (Dkt. 7-2 at 10-11). Also pending before the Court is Plaintiff's motion for an extension of time to file and effectuate service on Defendant. (Dkt. 9).

For the reasons that follow, the Court denies Defendant's motion to quash, grants Defendant's request to proceed anonymously, and grants Plaintiff's motion for an extension of time.

## **BACKGROUND**

The following alleged facts are taken from the Complaint and assumed to be true for the purposes of the pending motions. Plaintiff is an adult film company that operates subscription-based websites where paying viewers can watch its Works. (Dkt. 1 at ¶¶ 2, 13). Plaintiff also licenses its Works to broadcasters and sells them as DVDs. (*Id.* at ¶ 14). However, its Works are also often illegally downloaded by people using a BitTorrent file network. (*Id.* at ¶¶ 16, 23). BitTorrent is a system designed to quickly distribute large files such as movies over the internet. (*Id.* at ¶ 17). Users of BitTorrent connect to the computers of other BitTorrent users to simultaneously upload and download pieces of a file to and from other users. (*Id.*). The user first obtains a torrent file that contains instructions for identifying the internet addresses of other BitTorrent users with the file, as well as for downloading the movie. (*Id.* at ¶ 18). After the user downloads pieces of the file from the other BitTorrent users, the file gets automatically reassembled into its original form. (*Id.*).

Plaintiff used an investigator to discover IP addresses where its Works were downloaded using BitTorrent (*id.* at ¶¶ 23-27), and then used geolocation technology to determine the general regional location of the IP addresses (*id.* at ¶ 9). One of these IP addresses was allegedly Defendant's. (*Id.* at ¶¶ 24-27). On December 22, 2018, Plaintiff filed the instant lawsuit against Defendant (Dkt. 1), but was unable to serve the Complaint

because while Defendant's alleged IP address and general location are known, her/his name and physical address are not.

Plaintiff moved *ex parte* for leave to serve a third-party subpoena on Defendant's ISP so that Plaintiff could learn the name and address of Defendant and properly serve her/him. (Dkt. 4). On January 28, 2019, the Court granted Plaintiff's motion for leave to serve a third-party subpoena pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45. (Dkt. 6).

After receiving notice of the subpoena from her/his ISP (Dkt. 7-1 at 4), on March 4, 2019, Defendant filed a motion to quash the subpoena (Dkt. 7), and a request to proceed anonymously in the litigation if the motion is denied (Dkt. 7-2 at 10-11). Plaintiff submitted its reply on March 25, 2019 (Dkt. 10), and filed a motion for an extension of time to file and effectuate service on Defendant on March 22, 2019 (Dkt. 9).

## DISCUSSION

### I. Motion to Quash

#### A. Legal Standard

Rule 45 provides that a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "[T]he burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (citation omitted); *see Kingsway Fin. Servs., Inc. v. Pricewaterhosue-Coopers LLP*, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) ("[T]he party seeking to quash the subpoena bears

the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome."). Factors that should be considered when determining whether to grant a motion to quash based on a qualified privilege protecting anonymity include:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quotation, alterations, and citation omitted). Ultimately, decisions about the reasonableness and burden of a subpoena are left to the sound discretion of the court. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016) ("*Malibu, No. 14-CV-4808*").

### B. <u>Standing</u>

Although the subpoena at issue is directed to a third party and not Defendant, Defendant argues that s/he has standing to bring a motion to quash because of her/his privacy interest in the requested identifying information. (Dkt. 7-2 at 5-6). Plaintiff does not contest Defendant's standing, and the Court finds Defendant has a privacy interest in this litigation and consequently standing to move to quash the subpoena.

The party moving to quash a subpoena must have standing. *KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) (collecting cases). "[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). If a party moves to quash

a subpoena directed at a nonparty, "the claim of privilege or right must be personal to the movant," not the nonparty recipient of the subpoena. *See Samad Bros., Inc. v. Bokara Rug Co. Inc.*, No. 09 Civ. 5843(JFK)(KNF), 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010).

"[T]he use of [peer-to-peer] file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 563-65 (S.D.N.Y. 2004); *see Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3810(ER), 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013) (recognizing "a limited First Amendment privacy interest in anonymous internet usage, including the use of peer-to-peer file sharing networks"); *see also Arista Records*, 604 F.3d at 119 (discussing the defendant's express acknowledgment that "[t]he First Amendment right to communicate anonymously is, of course, not a license to . . . infringe copyrights. . . . Nor is it an absolute bar against disclosure of one's identity in a proper case"). Additionally, "[t]he Second Circuit has recognized that an individual may challenge a subpoena directed at his ISP in order to preserve his anonymity." *Malibu Media, LLC v. Doe*, No. 15-cv-3147 (AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016); *see Arista Records*, 604 F.3d at 118 ("To the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity."). Defendant is seeking to protect her/his personal information from being disclosed by the ISP in order to maintain anonymity. Therefore, Defendant has standing to bring the instant motion to quash.

C. **Specificity of Subpoena**

Defendant argues that the Court should quash the third-party subpoena because the subpoenaed information is not specific enough to advance the litigation beyond the service of process stage. The Court finds the subpoenaed information is sufficiently specific for the reasons that follow.

The specificity of the discovery request is a factor courts should consider when determining whether a motion to quash should be granted, along with "the need for the subpoenaed information to advance the claim." *Arista Records*, 604 F.3d at 119. In this case, Plaintiff seeks to obtain Defendant's identity and address so that it can properly serve Defendant. (Dkt. 5 at 11-12). Service of process "is critical to [Plaintiff's] ability to pursue litigation." *Sony Music*, 326 F. Supp. 2d at 566; *see John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) ("Ascertaining the identities and residences of the Doe defendants is critical to [the plaintiff's] ability to pursue litigation, for without this information, [the plaintiff] will be unable to serve process." (citation omitted)); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, No. 15-CV-7788 (KMW), 2016 WL 1651869, at *3 (S.D.N.Y. Apr. 26, 2016) ("[T]he information sought is 'central' in this suit. Without learning the Defendant's identity and address, the Plaintiff will be unable to serve process and pursue its claim.").

Defendant asserts that obtaining her/his identifying information will not advance Plaintiff's claim because an IP address does not sufficiently identify copyright infringers. (Dkt. 7-2 at 8). Defendant relies on a non-binding opinion in a case from the District of Columbia, also involving Plaintiff. *See Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d

160 (D.D.C. 2018), *appeal pending*. The court in the D.C. opinion applied the *Arista Records* test used by the Second Circuit, "placing great weight on defendant's privacy expectation." *Id.* at 164. The court found Plaintiff's request for identifying information "lacks the type of specificity the Second Circuit's test requires," and that Plaintiff "could not withstand a 12(b)(6) motion in this case without resorting to far more intensive discovery machinations sufficiently establishing defendant did the infringing." *Id.* The D.C. opinion refers to Plaintiff's method of identifying copyright infringers as "flawed," and states that "the Court remains uncomfortable publicly presupposing defendant partook in particularly prurient pornography given defendant's tenuous connection to the infringement." *Id.* at 164-65. The court emphasized that two factors limited its holding: "First is this content's aberrantly salacious nature. Second is the legion pitfalls associated with Strike 3's tracking and identification of infringers." *Id.* at 165.

The Court does not find the D.C. opinion persuasive. More specific information about Defendant, other than the requested identifying information, is not necessary at this stage of the litigation. Plaintiff does not seek the subpoenaed information to further bolster its allegations—rather, it moved to subpoena Defendant's name and address so it could properly serve Defendant. (Dkt. 6 at 1). This is further supported by the fact that Plaintiff does not oppose Defendant's request to proceed in this litigation anonymously. (Dkt. 10 at 13). If Defendant's name and address were crucial to Plaintiff's allegations, it presumably would object to such measures. In other words, more specific information than that requested in the subpoena is not required to advance the litigation *beyond* the service

of process stage—rather, the subpoenaed information is only needed to advance Plaintiff *to* the service of process stage, and is sufficiently specific to accomplish that end.

Additionally, Plaintiff is not required to "sufficiently *establish*[] [D]efendant did the infringing" at the pleading stage as the D.C. opinion seems to suggest. *Strike 3*, 351 F. Supp. 3d at 164 (emphasis added). Rather, Plaintiff must only allege facts "that allow[] the court to *draw the reasonable inference* that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In its Complaint, Plaintiff alleges that "[a] full copy of each digital media file was downloaded . . . and it was confirmed through independent calculation that the file has correlating to each file matched the file hash downloaded by Defendant." (Dkt. 1 at ¶ 26). At the pleading stage, the Court must accept Plaintiff's allegations as true. *See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). As the Court previously held in its January Order (Dkt. 6), Plaintiff's allegations are sufficiently concrete to establish a *prima facie* case of copyright infringement against Defendant. *See Malibu, No. 14-CV-4808*, 2016 WL 4574677, at *6 (finding *prima facie* case where the plaintiff alleged that it was the registered owner of the copyrights and that the defendant downloaded, copied, and distributed complete copies).

Moreover, determining whether Plaintiff's method for identifying copyright infringers is "flawed" would not be appropriate at this stage. Such an argument addresses Defendant's ultimate liability, not the appropriateness of the subpoena, and is therefore not applicable when deciding a motion to quash. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No.

18-CV-2648 (VEC), 2019 WL 78987, at *2-3 (S.D.N.Y. Jan. 2, 2019) (finding defendants arguments that "other individuals could have used his IP address to download Plaintiff's copyrighted movies without Defendant's knowledge" were not appropriate at the motion to quash stage); *John Wiley & Sons, Inc. v. Doe Nos. 1-44*, No. 12 Civ. 1568(WHP), 2012 WL 3597075, at *2 (S.D.N.Y. Aug. 21, 2012) (holding the defendant's claim that "an IP address is not a reliable means of identifying a specific BitTorrent user" was premature because it challenged the defendant's "liability rather than the propriety of the subpoena").[1]

Defendant also argues that the number of cases where Plaintiff has actually effectuated service after receiving the subpoenaed information is small, "and this should factor heavily into the analysis of whether specificity merely for the purpose of service of process is enough to overcome privacy interests." (Dkt. 7 at 9). The Court is not persuaded by Defendant's argument. While the vast majority of Plaintiff's lawsuits do appear to end in voluntary dismissal after Plaintiff receives the Court's permission to serve a third-party subpoena on a defendant's ISP and before service, *see, e.g.*, *Strike 3 v. John Doe*, No. 1:18-cv-00570 (EAW), Dkt. 13 (W.D.N.Y Oct. 23, 2018); *Strike 3 v. John Doe*, No. 1:18-cv-00684 (EAW), Dkt. 12 (W.D.N.Y Oct. 23, 2018), Plaintiff has an absolute right at that

---

[1] Even if this argument were appropriate at this stage of the proceedings, other courts that have conducted trials and hearings to assess the accuracy of the geolocation technology used by Plaintiff have found it to be valid. *See, e.g., Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB)(SIL), 2016 WL 4444799, at *5 (E.D.N.Y. Aug. 23, 2016) (finding the accuracy of the geolocation technology used by the plaintiff sufficient to state a *prima facie* case of copyright infringement after an evidentiary hearing); *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013) (finding the geolocation technology used by the plaintiff's consultants was valid after conducting a "Bellwether trial").

stage of the litigation to determine whether or not to proceed with its lawsuit, *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012) (holding that a plaintiff who files a notice of dismissal before an answer or motion for summary judgment is served has an "unfettered right voluntarily and unilaterally to dismiss an action"). Additionally, several of Plaintiff's cases in this District have proceeded to service, indicating that Plaintiff is willing to litigate. *See Strike 3 Holdings, LLC v. Doe*, No. 1:18-cv-00685 EAW, Dkt. 17 (W.D.N.Y. Mar. 4, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 6:18-cv-06585 EAW, Dkt. 10 (W.D.N.Y. Jan. 8, 2019).

Moreover, there is no evidence that Plaintiff has engaged in any of the abusive practices used by similar plaintiffs, such as exploiting Defendant's identifying information as leverage for settlement,[2] *see Malibu Media, LLC*, No. 15 Civ. 4369(AKH), 2015 WL 4092417, at *5-6 (S.D.N.Y. July 6, 2015) (denying the plaintiff leave to serve a third-party subpoena, partially because of the plaintiff's flagrant history of clearly attempting to embarrass the defendants using their personal identifying information), or filing one lawsuit against numerous John Does as a way to circumvent filing fees, *see Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170(CM), 2012 WL 1744838, at *3 (S.D.N.Y. May

---

[2] Defendant characterizes the Court as viewing Defendant's privacy interest in the file sharing context as "minimal." (Dkt. 7-2 at 8). While the Court follows Second Circuit precedent in finding that Defendant's "expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement," *Arista Records*, 604 F.3d at 124, this speaks only to Defendant's expectation of privacy as to Plaintiff. With regards to the public, the Court has issued a Protective Order prohibiting the disclosure of Defendant's identifying information in the instant litigation until further order of the Court (Dkt. 6 at 5-6), and is granting Defendant's request to proceed anonymously as discussed later in this Decision and Order. *See infra* pp. 11-12.

15, 2012) ("[F]orcing plaintiff to bring separate actions against separate infringers, and to pay a filing fee for each action, is the single best way to forestall further abuse."). To the contrary, Plaintiff has an internal policy to not proceed with cases against parties who "are indigent, active duty military, elderly, [or] a business." (Dkt. 10 at 7). Plaintiff also apparently provides defendants with the opportunity to send "any exculpatory evidence" the defendant "may have prior to amending and effectuating service."[3] (Dkt. 7-1 at ¶ 7).

For the reasons set forth above, the Court finds Defendant has not met her/his burden to demonstrate that the subpoena should be quashed, and accordingly denies Defendant's motion.

## II. Request to Proceed Anonymously

Defendant requests that the Court allow Defendant to continue to litigate this case anonymously. (Dkt. 7-2 at 10-11). Plaintiff has no objection to Plaintiff's request and has stated that it would not be opposed to allowing Defendant to proceed in this litigation pseudonymously as "John Doe" instead of using Defendant's initials in the public filings. (Dkt. 10 at 13). The Court agrees that this will provide additional protections under the circumstances of this case, and therefore the Court's January Order is amended so that Defendant must now be referred to only as "John Doe subscriber assigned IP address 45.46.191.137" in any public filings, not by the initials of her/his first and last name, until further order of the Court. All other protections previously set forth in the Court's January

---

[3] While Defendant contends such requests "function as thinly-disguised and improper pre-discovery requests" (Dkt. 7-2 at 9), the recipients of those requests are under no legal obligation to provide any such information to Plaintiff and may freely elect to not do so.

Order, including that any information disclosed pursuant to the subpoena may only be used for purposes of the litigation and must be kept confidential (Dkt. 6 at 7), remain in place.

### III. Motion for Extension of Time

Plaintiff has moved for the Court to grant an extension of the time to serve its Complaint. (Dkt. 9). Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint. "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Plaintiff seeks an extension of time because Plaintiff was granted leave in the Court's January Order to serve a third-party subpoena on Defendant's ISP to obtain Defendant's identifying information. (Dkt. 6 at ¶¶ 4-6). The ISP has not yet responded due to the pending status of the instant motion to quash, which rendered Plaintiff unable to comply with the current service deadline. "Plaintiff's inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension." *Rotten Records, Inc. v. Doe*, No. 15-CV-6650-FPG, 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016). Therefore, pending Plaintiff's receipt of Defendant's identifying information from the ISP, Plaintiff's motion for an extension of time is granted, and Plaintiff must effectuate service on or before May 21, 2019.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Quash (Dkt. 7) is denied. Defendant's request to proceed anonymously in the litigation (Dkt. 7-2 at 10-11) is granted, and the January Order (Dkt. 6) is amended so that Plaintiff is no longer authorized to use the initials of Defendant's first and last name in public filings. Defendant must now, in

any public filing, only be referred to as "John Doe subscriber assigned IP address 45.46.191.137." Plaintiff's Motion for Extension of Time (Dkt. 9) is granted, and Plaintiff must effectuate service on or before May 21, 2019.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: April 8, 2019
       Rochester, New York